### BROUSSARD v. ACADIAN PRODUCTION CORPORATION.

### No. 17347.

Court of Appeal of Louisiana. Orleans.
May 6, 1940.

Alex W. Swords, of New Orleans, for appellant.

Gill & Simon, of New Orleans, for appellee.

## McCALEB, Judge.

This suit was instituted by Nathan Broussard. to recover from the defendant, Acadian Production Corporation of Louisiana, the balance of $153.75 allegedly due to him for certain hauling and trucking work performed by him at the request of the defendant in connection with the latter's oil drilling operations in the Parishes of Iberia and St. Mary. The total amount of plaintiff's charges for the services performed amounted to $253.75 and the defendant paid on account thereof the sum of $100, leaving an unpaid balance of $153.75.

The defendant, in answer to plaintiff's suit, admitted that plaintiff had performed certain work for it but contended that the price charged by him was grossly excessive. It averred that a reasonable charge for the services of the plaintiff would be $185; that it has paid on account $100 and that it owes to him not more than $85.

When the case was called for trial on the issue thus presented, counsel for the defendant moved for a continuance of the matter on the ground that one Corley, a material witness for defendant, had failed to appear in court. Whereupon, counsel for plaintiff objected to the granting of the motion because the defendant had failed to summon this witness previous to the trial as required by Article 469 of the Code of Practice. In view of the defendant's neglect in that respect and in accordance with the provisions of Article 470 of the Code of Practice, the court refused to continue the matter and the plaintiff introduced his evidence in support of his claim. The defendant offered no testimony and the court, being satisfied that plaintiff's proof was sufficient to establish his case, granted judgment in his favor for the amount sued for. The defendant has taken a suspensive appeal from the adverse decision.

The judgment is correct. There was no defense offered and when the case was called for argument in this court, counsel for defendant did not appear nor did he file a brief.

Plaintiff has answered the appeal praying that the judgment be amended so as to allow ten per cent damages as a penalty for frivolous appeal. A reading of the record has been sufficient to convince us that this appeal was taken for delay only and, consequently, the judgment will be affirmed with damages. See Code of Practice, Article 907.

It is therefore ordered, adjudged and decreed that the judgment appealed from be, amended so as to allow ten per cent damages as a penalty for frivolous appeal and, as thus amended, it is affirmed at defendant's cost.

Amended and affirmed.